IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JERVIS K. THOMAS,<br><br>    Plaintiff,<br>v.<br><br>ARS-FRESNO, LLC; AMERICAN RETAIL SERVICES, LLC; SHELL OIL CO.; AND TESORO WEST COAST CO.; AND DOES I - XX,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING SHORT FORM DISCOVERY MOTION<br><br>Case No. 2:17-cv-6 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke Wells |

Plaintiff Jarvis Thomas seeks an order from the court compelling Defendants to designate a rule 30(b)(6) witness "to testify regarding their spoliation/selective preservation of video evidence and regarding produced evidence obtained through their legal counsel."[1] The court will deny the motion.

I.  Security Camera Recordings

This is a Civil Rights Action where Plaintiff alleges that on July 5, 2016, he was called derogatory racial slurs, discriminated against and physically threatened at a gas station.[2] Plaintiff seeks the security camera evidence from the incident, but the video files allegedly do not include certain parts of the incident, have gaps in the recording and do not include audio. After requesting the video and audio Defendants responded that they had "produced all video recordings they preserved from the store on July 5, 2016 as attachments to their Initial

---

[1] Mtn. p. 1, docket no. 36.

[2] *See id.* p. 2.

Disclosures."[3] Plaintiff noticed a rule 30(b)(6) deposition and seeks testimony regarding the alleged selective preservation of and failures to preserve the recorded evidence.

In response Defendants state that they have provided discovery responses "confirming that the security system at [the] store does not have audio recording equipment."[4] The store manager, Christi Clark, "preserved all of the video of its employee … physically threatening plaintiff on 7/5/16."[5] On the day of the incident the employee who threatened Plaintiff was terminated. Subsequently, all the others who were employed on the day of the incident have either resigned (the manager on 4/19/17) or terminated their employment.

Based upon Defendants' responses and the depositions already scheduled by Plaintiff the court will deny the motion. Plaintiff is scheduled to depose Kelly Valdez, the employee who preserved the video evidence, the manager on the day of the incident and the three other employees who were involved on that day. In addition to the discovery responses already given, the testimony of these witnesses should provide the answers Plaintiff seeks regarding the video evidence. Defendants need not designate a rule 30(b)(6) witness "to testify regarding their spoliation/selective preservation of video evidence…"[6]

II.     Other 30(b)(6) Deposition Topics

In addition, Plaintiff seeks the designation of a 30(b)(6) witness on the following topics:

> 11.  Authenticate Salt Lake Police Department General Offense Print Synopsis (unless authenticity and admissibility can be stipulated)
> 15. Acquisition/possession of Salt Lake Police Department report of officer Chad Smith; Companies' use of report; and Companies' actions taken in response to report information

---

[3] *Id.* p. 3.

[4] Op. p. 1, docket no. 37.

[5] *Id.* p. 2.

[6] Mtn p. 1.

      16. Authenticate 7/5/16 911 call recording (unless authenticity and admissibility can be stipulated)
      17. Acquisition/possession of 7/5/16 911 call recording; Companies' use of recording; and actions taken in response to recording

In support Plaintiff argues that a "corporate designee must provide responsive answers even if the information was transmitted through the corporation's lawyers."[7]

In opposition, Defendants argue they cannot provide a witness regarding these topics because they are "unable to authenticate police records obtained by GRAMA requests after the lawsuit was filed …"[8] In addition, Defendants' counsel cannot testify as a designee for these requests.

The court agrees with Defendants. Plaintiff may make their own GRAMA requests to compare the documents or ask for a copy of the requests but there is no specific need here to require Defendants' counsel to testify about the GRAMA requests. There are other means available to verify their authenticity and it certainly seems that counsel may also work together to stipulate about authenticity.

Accordingly, Plaintiff's motion is DENED.

      DATED this 10 October 2017.

                                      Brooke C. Wells
                                      United States Magistrate Judge

---

[7] Mtn. p. 3.

[8] Op. p. 3, docket no. 37.

3