IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Jervis K. Thomas,<br><br>        Plaintiff,<br><br>v.<br><br>ARS-Fresno, LLC; American Retail Services LLC; Shell Oil Company et al.,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND<br><br>Case No. 2:17-cv-006 TC<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke Wells |

Plaintiff Jervis K. Thomas moves the Court for leave to join additional parties as defendants and to file his Second Amended Complaint.[1] This matter is referred to the undersigned in accordance with 28 U.S.C. 636(b)(1)(A) by Judge Campbell.[2] After considering the parties' memoranda, relevant case law and the history of this case the Court will DENY the Motion to Amend.

## BACKGROUND

This suit is an action brought Under Title II of the Civil Rights Act of 1964[3] and the Utah Civil Rights Act.[4] The circumstances arise from events at a gas station located in Salt Lake City, Utah on July 5, 2016. "Plaintiff, an Afro-American"[5] alleges he was discriminated against on

---

[1] Docket no. 59.

[2] Docket no. 32.

[3] *See* 42 U.S.C. § 2000a.

[4] Utah Code Ann. § 13-7-1 et seq.

[5] Mtn p. 2, docket no. 59.

the basis of race when he was called derogatory names and attacked by an employee "with a hammer and dog"[6] who chased him around the gas pumps and into the station.

The deadline to file a motion to amend in this case is August 30, 2017 for Plaintiff and September 15, 2017 for Defendants.[7] Plaintiff filed his First Amended Complaint on August 31, 2017,[8] following an order by the Court permitting Plaintiff to amend.[9] The Scheduling Order set forth the same deadlines for the parties to move to join additional parties, namely, August 30, 2017, for Plaintiff and September 15, 2017, for Defendants.[10]

On December 6, 2017, Judge Campbell held a hearing in this case.[11] At the conclusion of the hearing Judge Campbell granted Defendant Shell Oil Company's Motion to Dismiss and gave Plaintiff "three weeks in which to amend its complaint" and Defendants an opportunity to respond.[12] The current dispute centers on the scope of Judge Campbell's ruling. Plaintiff asserts there were no restrictions upon its ability to amend while Defendants argue that ruling does not permit the amendments Plaintiff seeks.

DISCUSSION

Federal Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."[13] "The district court has 'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'"[14] "Refusing leave to amend is

---

[6] *Id.*

[7] *See* Scheduling Order p. 3, docket no. 29.

[8] Docket no. 35.

[9] Docket no. 34.

[10] *See id.*

[11] Minute Order, docket no. 50.

[12] *Id.*

[13] Fed. R. Civ. P. 15(a)(2).

[14] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)).

generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[15]

Here, Plaintiff seeks via its Amended Complaint to add the following: Equilon Enterprises, LLC as a Defendant in place of Shell Oil; two other new Defendants, Howard Bode and Andi Pirnat; and new claims against Defendant ARS.  Plaintiff argues the proposed amendment is within the scope of Judge Campbell's ruling.  Defendant ARS takes issue with Plaintiff's interpretation of the Court's ruling.  ARS agrees to the substitution of Equilon for Shell Oil but opposes the two other new defendants, Bode and Pirnat, and the additional claims made against it.  In support ARS points to the Scheduling Order deadline of August 30, 2017, for Plaintiff to add parties.  That deadline was not extended by Judge Campbell and the hearing before her only concerned Shell Oil's motion to dismiss.  In addition ARS has completed discovery and filed dispositive motions.  So, according to ARS, Re-opening discovery at this point would be prejudicial, create further delay and undermine the effort extended in filing the dispositive motions.

The Court agrees with ARS.  A motion to amend may be denied upon a showing of undue delay or undue prejudice.  The deadline to add parties has passed and Judge Campbell did not change that deadline at the hearing.  Further, Plaintiff has failed to offer any reasonable explanation for the delay.  ARS has already filed dispositive motions that will be undermined by Plaintiff's amendments.  Thus, the Court finds allowing additional claims at this stage of the case will be prejudicial and waste resources extended by ARS in defending this case.

---

[15] *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

In addition, the hearing before Judge Campbell centered on Shell Oil's Motion to Dismiss that was granted. After Shell Oil was dismissed Judge Campbell made the reasonable decision to allow Plaintiff an opportunity to replace Shell Oil with the correct defendant Equilon. There was nothing mentioned about allowing addition claims against ARS or additional parties.

ORDER

For the reasons set forth above Plaintiff's Motion to Amend is DENIED. In accordance with Judge Campbell's prior ruling Plaintiff has (7) seven days from the date of this order to file an appropriate motion to amend, upon which Defendants may file any opposition within (7) seven days from the date of Plaintiff's motion.

DATED this 23 February 2018.

Brooke C. Wells
United States Magistrate Judge